**IN THE SUPREME COURT OF TENNESSEE**
**AT KNOXVILLE**

FILED

FOR PUBLICATION
September 27, 1999
Filed: September 27, 1999
Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| MICHELE P. MUHLHEIM, | ) | |
| | ) | |
| PLAINTIFF/APPELLANT, | ) | Knox Chancery No. 137765-1 |
| | ) | |
| v. | ) | Hon. Frederick D. McDonald, |
| | ) | Chancellor |
| KNOX COUNTY BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| DEFENDANT/APPELLEE. | ) | |
| | ) | |
| AND | ) | NO. 03S01-9808-CH-00089 |
| | ) | |
| JOANNE I. HAYDEN, A Citizen and | ) | |
| Resident of Knox County, Tennessee, | ) | |
| | ) | |
| PLAINTIFF/APPELLANT, | ) | |
| | ) | |
| v. | ) | Knox Chancery No. 131939-1 |
| | ) | |
| KNOX COUNTY, A Political | ) | Hon. Frederick D. McDonald, |
| Subdivision of the State of Tennessee, | ) | Chancellor |
| | ) | |
| DEFENDANT/APPELLEE. | ) | |

FOR APPELLANT MUHLHEIM:

WILLIAM C. CREMINS
Knoxville

FOR APPELLANT HAYDEN:

J. ANTHONY FARMER
Knoxville

FOR APPELLEE:

WENDELL K. HALL
Knoxville

# O P I N I O N

REVERSED

HOLDER, J.

## OPINION

We granted this consolidated interlocutory appeal to determine whether a school board, which is initially exempted by statute from providing workers' compensation coverage, may divide its employees along professional and nonprofessional lines, providing workers' compensation benefits for nonprofessional, nonunion employees while excluding certified teachers who are represented by a union. We conclude that the Board made a valid division of its workforce pursuant to Tenn. Code Ann. § 50-6-106(5) (1991) (current version found at Supp. 1998). Accordingly, we reverse the trial court's denial of the defendant's motions for summary judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

On October 17, 1996, Joanne I. Hayden, a certified teacher, filed suit seeking workers' compensation benefits for an alleged work-related injury she sustained in May 1996 while employed by the Knox County Board of Education ("the Board"). On March 12, 1998, Michele P. Muhlheim, also a certified teacher, filed suit seeking workers' compensation benefits for an alleged work-related injury she sustained in October 1997 while employed by the Board.

In both cases, the Board moved for summary judgment claiming that because both plaintiffs are certified teachers they are not eligible for workers' compensation under a collective bargaining agreement between the Board and the Knox County Education Association (KCEA), the union representing the teachers.

In support of its motion, the Board provided an affidavit from its former chief negotiator, Bob Chambers, stating that workers' compensation benefits were "on the table" for negotiations in 1980, 1982, 1985, and 1990. In each case, the benefits were rejected and were not included in the agreement between the Board and the KCEA. Chambers stated that during the 1990-91 negotiations, the Board offered workers' compensation benefits that the KCEA rejected. Instead, the union bargained for monetary and financial benefits. Chambers stated that the Board has provided "Accident Protection Insurance" to teachers since 1982; a 1995 Memorandum of Agreement between the Board and the KCEA confirms this coverage. The Memorandum of Agreement was in effect when the two teachers were injured.

The Board also presented evidence that in 1987 it elected to provide workers' compensation benefits to a group of nonprofessional, nonunion employees. According to a letter to the Tennessee Department of Labor, Division of Workers Compensation, the coverage applied to food service employees, maintenance employees, custodians, clerks, teachers' aides, secretaries, and substitute teachers. The supervisors for the food service and maintenance departments were not covered.

In response, Hayden and Muhlheim both argued that the Board could not provide workers' compensation to certain employees within the department and not provide coverage to all employees within the department. When the Board elected to provide coverage for some employees in 1987, the effect was to elect to provide coverage for all employees. Thus, the plaintiffs argue, all the employees are currently covered by the Act, and the 1995 Memorandum violates Tenn. Code Ann. § 50-6-114 (1991) (current version found at Supp. 1998), which prohibits employers from making contracts relieving them of their obligations

3

under the Act. The plaintiffs also contend that the Education Professional Negotiations Act, Tenn. Code Ann. § 49-5-601, et seq., does not allow workers' compensation to be a negotiable term in the bargaining process.

The trial court denied the Board's motions for summary judgment in both cases. Thereafter, the Chancellor granted the petitions of Muhlheim and the Board seeking interlocutory appellate review in both cases pursuant to Rule 9, Tenn. R. App. P. This Court granted the interlocutory appeals and consolidated the cases. For the reasons that follow, we reverse the trial court and hold that the defendant is entitled to summary judgment in both cases.

## ANALYSIS

Summary judgment is appropriate if the movant can show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The non-movant is entitled to the strongest legitimate view of the evidence and is entitled to all reasonable inferences that may be drawn from the evidence, discarding all countervailing evidence. Shadrick v. Coker, 963 S.W.2d 726, 731 (Tenn. 1998) (citing Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993)).

In determining whether summary judgment is appropriate in the case now before us, we must consider whether the undisputed facts establish that the election statute allows a governmental entity, such as the Board, to elect coverage for nonunion employees while excluding the certified teachers who are union members.

A provision of the Tennessee's Workers Compensation Act that addresses governmental entities states:

> [T]he state, any county or municipal corporation may accept the provisions of this chapter by filing written notice thereof with the division under the commissioner of labor, at least thirty (30) days before the happening of any accident or death, and may at any time withdraw the acceptance by giving like notice of the withdrawal. *The state, any county or municipal corporation may accept the provisions of this chapter as to any department or division of the state, county or municipal corporation* by filing written notice thereof with the division under the commissioner of labor at least thirty (30) days before the happening of any accident or death and may, at any time, withdraw acceptance for the division or department by giving like notice of the withdrawal, and such acceptance by the state, county or municipal corporation for any department or division thereof, shall have effect only of making the department or division designated subject to the terms of this chapter;

Tenn. Code Ann. § 50-6-106(5) (1991) (emphasis added).

The issue now before us is whether a school board, which is initially exempted by statute from providing workers' compensation coverage, may divide employees along professional and nonprofessional lines and may elect to provide workers' compensation benefits for nonprofessional, nonunion employees while excluding professional, certified teachers who are represented by a union. This issue is one of first impression, and there is scant case law in Tennessee interpreting the election provision set forth in Tenn. Code Ann. § 50-6-106(5). See generally Finister v. Humbolt General Hosp., 970 S.W.2d 435, 439 (Tenn. 1998) (holding that a hospital is exempt as a subsidiary of an exempt hospital district); Presley v. Bennett, 860 S.W.2d 857, 858 (Tenn. 1993) (holding that the filing of a notice of election under the act is directory; substantial compliance is sufficient).

5

While we have looked to other jurisdictions for guidance, we have found little or no guidance, as apparently only Tennessee and Delaware have workers' compensation provisions allowing public employers to choose whether to provide workers' compensation coverage for public employees. Delaware has not addressed the issue now before us, and the remaining jurisdictions generally mandate some form of compulsory coverage.[1]  4 Arthur Larson & Lex K. Larson, The Law of Workmen's Compensation § 56.10 (1999).

Tennessee's election statute allows an exempted entity to opt-in and to provide workers' compensation coverage for public employees.  The opt-in provision also provides a public employer with the latitude to provide coverage for segments or portions of its workforce.  This latitude, however, is curtailed to the extent that a public employer may only delineate by "departments" or "divisions" when providing coverage to portions of its workforce.

While the Act permits an employer to delineate "departments" and "divisions," the Act does not define either term.  Black's Law Dictionary defines "division" as an "operating or administrative unit of government, court, business or school system." Black's Law Dictionary 479 (6th ed. 1990).  Accordingly, the Act allows a governmental entity to provide workers' compensation benefits to an operating or administrative unit of its workforce.  The Act further permits an employer to exclude operating or administrative units when electing to provide coverage under the Act.

---

[1]Thirty-nine states cover public employees generally.  Six states cover employees but not officials.  Texas covers county employees and specified highway and state college and university workers; it permits cities, towns, and villages to provide compensation. Georgia requires coverage when the public employer is either an instrumentality of the state or a corporation.  4 Arthur Larson & Lex K. Larson, The Law of Workmen's Compensation § 56.10 (1999).

In the case now before us, the school board is a governmental entity and is exempt from providing workers' compensation coverage to its employees. The Board, however, can elect to provide coverage under the Act. In 1987, the Board elected to provide coverage for the Board's nonprofessional employees. The Board, therefore, generally divided its employees into units of nonprofessional, nonunion workers and professional, certified teachers who are represented by a union. The Board did not elect to provide workers' compensation benefits to the certified teachers or professional employees because the teachers, represented by their union, had repeatedly rejected the workers' compensation benefits during negotiations. The teachers have been covered by Accident Protection Insurance since 1982. They are professional employees required to maintain a license pursuant to Tenn. Code Ann. § 49-5-101 (1991) and are members of a union. The teachers represent a unit of employees that is separate and apart from the nonprofessional employees of the school board. We hold that the Board made a valid division of its workforce pursuant to Tenn. Code Ann. § 50-6-106(5).

## CONCLUSION

We hold that a school board, which is initially exempted by statute from providing workers' compensation coverage, may divide employees along professional and nonprofessional lines and may elect to provide workers' compensation benefits for its nonprofessional, nonunion employees while excluding professional, certified teachers who are members of a bargaining unit. Accordingly, we reverse the trial court and grant summary judgment to the defendant in both cases. The costs of this appeal shall be taxed equally against the plaintiffs for which execution shall issue if necessary.

7

_____
JANICE M. HOLDER, JUSTICE


**Concurring:**

Anderson, C.J.
Drowota, Birch, and Barker, J.J.