IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 28, 2004 Session

## NOEL CRAWLEY and JOSEPHINE CRAWLEY v. HAMILTON COUNTY, TENNESSEE

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 00-C-199 Division III      Hon. L. Marie Williams, Circuit Judge**

---

**No. E2003-03028-COA-R3-CV  - FILED JANUARY 21, 2005**

---

Plaintiffs' action for damages against defendant was dismissed by summary judgment on grounds that "fringe benefits" provided by defendant was plaintiff's exclusive remedy.  We vacate the summary judgment.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J.,  joined.

Marvin Berke, Chattanooga, Tennessee, for Appellant.

R. Dee Hobbs, Special Counsel for Hamilton County Sheriff's Department, Chattanooga, Tennessee, for Appellee.

**OPINION**

Plaintiffs filed suit against Hamilton County, alleging that Noel Crawley was injured while working in the County Jail as a corrections officer, which injuries were proximately caused due to the negligence of another officer.  Crawley alleged that he sustained serious injuries to his left shoulder, as well as aggravating a pre-existing injury.

Hamilton County filed a Motion for Summary Judgment, alleging that it had never

accepted the provisions of the workers compensation statute, but instead adopted its own policies regarding on the job injuries. It alleged that its policy provides for medical coverage and payment of monetary compensation to injured employees in lieu of workers compensation benefits, and that this was the employee's exclusive remedy. In support of the Motion, the County filed the Affidavit of Bill Stoll, who stated that he was familiar with the County's policy, and that plaintiff had received payment of his medical expenses for 3 years, totaling $52,386.02, and that the County had declined to subject itself to coverage under the worker's compensation act pursuant to Tenn. Code Ann. §50-6-106(1)(B)(6).

Also attached to the Motion was the Affidavit of Carole Miller, an employee of the Sheriff's Department, who stated that she was familiar with the policy and that the policy was revised on September 17, 1997 to provide medical and salary benefits to employees injured on the job, and that after plaintiff was injured on February 9, 1999, he continued to receive his salary for one year pursuant to the policy.

The policy was also attached to the Motion, and states, in pertinent part:

The rights and remedies herein granted to an employee because of and on account of a personal injury arising out of an accident which occurs in the course and scope of employment shall exclude all other rights and remedies of such employee, his/her personal representatives, dependents or next of kin, common law or otherwise, on account of such injury insofar as Hamilton County, Tennessee and the Hamilton County Sheriff's Department are concerned.

The Court entered an Order, finding that it was undisputed that plaintiff was injured on the job, and that he received benefits pursuant to the policy in question. The Court concluded there was no question of law or fact, and that Hamilton County was entitled to summary judgment because it had not accepted the provisions of the workers comp law, but had adopted rules and regulations determining all fringe benefits to employees pursuant to Tenn. Code Ann. §8-8-401, and that such benefits had been paid in full.

Plaintiffs have appealed, insisting that summary judgment was improperly granted.

Hamilton County argues that summary judgment was proper, relying on Tenn. Code Ann. §8-8-409, which empowers the County Sheriff's Civil Service Board to "adopt and amend rule and regulations" and to "determine all fringe benefits to employees", as authority for the adoption of its on-the-job injury policy, which provides that it is the employee's exclusive remedy. The County argues that the payment of wages and medical expenses as provided by the policy is a "fringe benefit" as listed in Tenn. Code Ann. §8-8-409, and that it was the within the County's power to designate this as the sole benefit for this type of injury. Neither party cites any case law on point

with this issue.[1]

The only case which we have found relevant to this issue is the case of *Brown v. City of Memphis*, 1998 WL 742385 (Tenn. Ct. App. Oct. 22, 1998), wherein the plaintiff, an employee of the City of Memphis, sued the City for an on the job injury he sustained while working at the City's sewage treatment plant. The City, like Hamilton County, had elected not to be covered by the Tennessee Workers' Compensation Act, but instead had adopted its own policy for on the job injuries, which provided for payment of medical bills and lost wages. *Id.* The plaintiff employee was paid benefits pursuant to that policy, and then sued the City under the Governmental Tort Liability Act("GTLA"), and the trial court granted summary judgment to the City. *Id.*

The Western Section of this Court analyzed the interplay of the GTLA and the City's policy regarding on the job injuries, and determined that the plaintiff could properly bring suit pursuant to the GTLA because his injury was proximately caused by the negligence of another employee within the scope of his employment, which was a situation for which immunity was expressly removed under the GTLA. *Id.*, *see* Tenn. Code Ann. §29-20-102 and 205. The Court further held that the program adopted by the City was not intended as compensation for the negligence of a fellow employee, but rather was intended as a "fringe benefit for any type of work-related accident". *Id.* at 3. The Court discussed that the policy was similar to worker's compensation in that regard, except that it did not contain an exclusivity provision, which the policy in this case does.

The Court reasoned that the GTLA specifically removed immunity for a suit such as the plaintiff's, which alleged negligence by an employee of a municipality, and that since the on-the-job injury policy was not intended for such situations, it was merely a "separate and distinct fringe benefit to the employee". *Id.* The Court recognized that plaintiffs injured "by the negligence of employees of municipalities were the intended beneficiaries" of the GTLA, and that the plaintiff therein could also recover under the GTLA. *Id.* Similarly, here, the fact that plaintiff is also an employee who has the "fringe benefit" supplied by the County's policy for on-the-job injuries, does not mean that the plaintiff cannot sue the County for the negligence of a fellow employee which caused injury, a right granted by the GTLA.[2]

While the policy adopted in this case does contain an exclusivity provision which

---

[1] We have found no precedent in other states on the issue of the propriety of a county government adopting such a policy in lieu of worker's compensation, perhaps because all other states, except one or two, mandate worker's compensation coverage for public employers. *See Muhlheim v. Knox County Bd. of Educ.*, 2 S.W.3d 927 (Tenn. 1999).

[2] Other cases where an employee successfully sued a governmental employer for on-the-job injury pursuant to the GTLA are *McMurry v. Metropolitan Gov't of Nashville*, 2003 WL 535918 (Tenn. Ct. App. Feb. 26, 2003), and *Keaton v. Hancock County Bd. of Educ.*, 2003 WL 2010739 (Tenn. Ct. App. Apr. 30, 2003).

purports to limit the employee's remedy, it is apparent based on well-settled rules of statutory construction that such a provision which directly conflicts with the rights granted by the GTLA is not effective. It has long been held that "municipal ordinances in conflict with and repugnant to a State law of a general character and state-wide application are universally held to be invalid." *Southern Ry. Co. v. City of Knoxville*, 442 S.W.2d 619, 621 (Tenn. 1968). The test of whether such county or municipal rule is in "conflict with and repugnant to" a statute is whether the rule takes away a right granted by the state, or conversely grants a right denied by the state. As stated by the Supreme Court, "the city may not pass an ordinance which ignores the State's own regulatory acts, or deny rights granted by the State or grant rights denied by the State and thus in effect nullify the State law." *State ex rel. Beasley v. Mayor and Aldermen of Town of Fayetteville*, 268 S.W.2d 330, 334 (Tenn. 1954). As we have further explained, "[a] test which has been widely used in determining whether the provisions of a municipal ordinance conflict with a statute governing the same subject, is whether the ordinance prohibits an act which the statute permits, or permits an act which the statute forbids." *City of Knoxville v. Currier*, 1998 WL 338195 (Tenn. Ct. App. 1998).

In this case, the County has adopted a policy which provides for, as the County alleges, "fringe benefits" for an employee injured on the job, but which then purports to limit the employee's right to sue the County or to seek any other redress for such injury. While the County is empowered by Tenn. Code Ann. §8-8-409 to adopt such a policy providing for "fringe benefits", it cannot then also adopt a policy which takes away the right to sue conferred by the GTLA for a situation such as this. We hold that the Trial Court erred in granting summary judgment to the County, vacate the summary judgment and remand for further proceedings.

The cost of the appeal is assessed to Hamilton County.

 

 

HERSCHEL PICKENS FRANKS, P.J.

-4-