IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 6, 2013 Session

## ALMA B. LONG v. RAYMOND G. CREEKMORE

**Appeal from the Chancery Court for Campbell County**
**No. 08087    Hon. Billy J. White, Chancellor**

_____

**No. E2012-01453-COA-R3-CV - Filed March 28, 2013**

_____

This appeal concerns Mother's reservation of a life estate in property she conveyed to Son pursuant to a warranty deed. After the initial conveyance in 1983, Son resided on the property for years before renting the property to others. Mother prohibited the use of the property by certain tenants, who complied with her demand to vacate. In 2008, Mother objected to the current tenant's occupation and filed suit to enforce her right to possession of the property. The trial court dismissed the suit, finding that the claim was barred by a ten-year statute of limitations. Mother appeals. We reverse the grant of summary judgment and remand for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

J. Steven Hurst, LaFollette, Tennessee, for the appellant, Alma B. Long.

Victor C. Pryor, LaFollette, Tennessee, for the appellee, Raymond G. Creekmore.

**OPINION**

**I. BACKGROUND**

In 1983, Alma B. Long ("Mother"), signed a warranty deed which conveyed a portion of her property to her son, Raymond G. Creekmore ("Son"), and her daughter-in-law, Ursula Creekmore, subject to the following reservation:

Grantor reserves unto herself a life estate for and during her natural lifetime in and to the above described property.

Son lived on the property with Ms. Creekmore until they separated. Ms. Creekmore remained on the property. Mother's attorney mailed Ms. Creekmore a letter, dated July 5, 1990, which provided, in pertinent part:

By deed dated August 30, 1983, [Mother] conveyed certain land to [Son] and wife, Ursula Creekmore, which deed was recorded in [] the Register's Office for Campbell County, Tennessee, on August 31, 1983, [Mother] reserved a life estate in the subject property. Under Tennessee law, [Mother] therefore retained a right of possession and control of this property during her lifetime.

[Mother] hereby give[s] notice that she wants possession of the subject property and for you to vacate the premises on or before Thursday, July 19, 1990. In the event you do not voluntarily surrender the premises, without damages and in good condition, [Mother] has instructed me to file a detainer action and take other legal action as may be appropriate to remove you from the premises and to collect any damages to which she may be entitled.

Ms. Creekmore complied with the demand to vacate.[1] Son returned and began renting his mobile home on the property to others. Son retained the rental income and paid the taxes on the mobile home, while Mother paid the taxes on the property.

The first renters, Mike and Anna Wilson, remained on the property for several years. Mother did not object to the presence of the Wilsons and never asked for any portion of the rental income. Mike Wilson moved out a few years after Anna Wilson died. Thereafter, the second renters, Floyd and Ellen Voyles, moved onto the property. Mother did not "particularly care" for Ellen Voyles and eventually mailed her and Mr. Voyles a letter, dated August 20, 2007, which provided, in pertinent part,

I, Alma Long, hereby give notice that I want possession of the subject property, and for you to vacate the premises on or before Wednesday, [September 19, 2007]. In the event you do not voluntarily surrender the premises, without damage, and in good condition, I will file a retainer action and take other legal action as may be appropriate to remove you from the

---

[1]Ms. Creekmore allegedly forfeited her interest in the property pursuant to her divorce agreement with Son. She is not a party in this appeal.

premises and collect any damages to which I may be entitled. This includes the dilapidated building that you put there.

After speaking with Son, Floyd and Ellen Voyles eventually complied with Mother's demand to vacate the premises.

In May 2008, Son's stepson, Jason Hackler, moved onto the property. Mr. Hackler did not submit rent but was present to care for Son, who had been diagnosed with cancer. Mr. Hackler erected a fence around the mobile home to contain his dogs. Mother objected to the fence and eventually objected to Mr. Hackler's presence on the property.

When Mr. Hackler refused to vacate, Mother filed suit against Son. The complaint, filed on July 25, 2008, provided, in pertinent part,

> Plaintiff avers that she transferred a small portion of the property to [Son], reserving a life estate interest therein. Plaintiff avers this occurred in 1983.
>
> Plaintiff avers that [Son] has put a trailer on the property and at one time has lived there on the property. Plaintiff avers that [Son] no longer resides on the property, and is allowing others to use same.
>
> Plaintiff avers that the persons using the property by permission of [Son] are now constructing a fence on same, and generally have been disruptive toward her. Plaintiff avers that she wishes to exercise her right to possess the property pursuant to her life estate, thereby removing [Son] therefrom.
>
> Plaintiff avers that she wishes for [] immediate possession and asks that temporary and permanent injunction be issued against [Son], and other persons under his direction or with his approval from being on the property or utilizing the same in any manner.
>
> Plaintiff avers that [Son] has constructed and placed a trailer on said property, which can be moved. Plaintiff avers that if [Son] wishes to remove the trailer from the property she does not object to same; however in the event he does not remove the trailer from the property she intends to use the same.

Son denied that Mr. Hackler was disruptive toward Mother and asserted that Mother did not have a right to possess the property. He claimed that Mother's right to possess the property was barred by the applicable statute of limitations and the doctrine of laches. He filed a

counter-complaint, requesting compensation for his improvement of the property in the event that the court determined that Mother was entitled to possession of the property.

Son also filed a motion for summary judgment, in which he alleged that he was entitled to a judgment as a matter of law because the statute of limitations barred Mother's recovery of the property, because he had adversely possessed the property, and because she had surrendered the property. Mother responded by asserting that genuine issues of material fact were in dispute relative to Son's assertions of adverse possession and surrender. She also argued that the statute of limitations did not bar her recovery of the property because she had not filed an ejectment action but had merely asserted her right to possession of the property as a life tenant. She also filed a motion for summary judgment, asserting that she had the right to the use, control, and enjoyment of the property as a life tenant.

The trial court granted Son's motion for summary judgment on the ground that the statute of limitations for bringing an ejectment action had expired, finding that Mother's demand for possession in 1990 had "commenced the running of the statute of limitations" but that the "ejectment filed more tha[n] eighteen (18) years after the demand for possession [wa]s barred by a ten (10) year statute of limitations." The court did not address the remaining grounds raised in Son's motion before dismissing the cause of action. This timely appeal followed.

## II. ISSUE

We consolidate and restate the issues raised on appeal as follows:

Whether Mother's claim for possession was barred by a ten-year statute of limitations.

## III. STANDARD OF REVIEW

Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. A properly supported motion for summary judgment "must either (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial." *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 9 (Tenn. 2008). When the moving party has made a properly supported motion, the "burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." *Id.* at 5; *see Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). The nonmoving party may not

simply rest upon the pleadings but must offer proof by affidavits or other discovery materials to show that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06. If the nonmoving party "does not so respond, summary judgment, if appropriate, shall be entered." Tenn. R. Civ. P. 56.06.

On appeal, this court reviews a trial court's grant of summary judgment de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 412 (Tenn. 1997). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox. Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

## IV. DISCUSSION

Mother contends that the court's reliance upon the statute of limitations allegedly applicable to ejectment actions was erroneous. She argues that her possessory interest in the property as a life tenant was not subject to a statute of limitations. She alternatively argues that her cause of action did not accrue until 2008, when the current tenant refused to vacate. She notes that the prior use of the property was permissive and that she filed suit when the use of the property exceeded her permission. Son responds that the trial court properly characterized the suit as an ejectment action. Relying upon this court's decision in *Roach v. Renfro*, 989 S.W.2d 335 (Tenn. Ct. App. 1998), he claims that Mother's claim was barred by the applicable ten-year statute of limitations.

Despite Son's assertion to the contrary, this court declined to rule upon whether a specific statute of limitations was applicable in *Roach*. 989 S.W.2d at 341. This court held that the ejectment claim was not time-barred because the owner filed suit shortly after the use of his property exceeded his permission. *Id.* Unlike *Roach*, each party in this case retained a possessory interest in the property pursuant to a warranty deed. Mother retained a *present* possessory interest for her lifetime, and Son received a *future* possessory interest. *See generally Couch v. Hoover*, 79 S.W.2d 807, 810 (Tenn. Ct. App. 1934) (providing that a deed awarding land to a "certain person at the death of the giver" operates as a "present grant of a future interest"). Mother merely needed to assert her right as a life tenant and obtain a declaratory judgment when Son's use of the property exceeded her permission. Such a claim is not subject to a statute of limitations because a life tenant holds the property for the duration of his or her life. *See generally* Black's Law Dictionary (9th ed. 2009) (defining a life estate as an "estate held only for the duration of a specified person's life"). We

acknowledge that Son may prove that he had a superior right to the property pursuant to other doctrines, namely adverse possession. However, the court limited its holding to the expiration of the statute of limitations.[2] Accordingly, we reverse the trial court's grant of the motion for summary judgment because Mother's claim to the property was not time-barred. Upon remand, the court may consider the remaining issues raised in the motion for summary judgment before deciding whether to proceed with a hearing on the merits of Mother's complaint.

## V. CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs of the appeal are taxed to the appellee, Raymond G. Creekmore.

_____
JOHN W. McCLARTY, JUDGE

---

[2]Son raised a myriad of other issues on appeal that were not considered by the trial court in its limited grant of the motion for summary judgment. We decline to address these issues. *See* Tenn. Code Ann. § 16-4-108(a)(1) (providing that the jurisdiction of this court is "appellate only").