# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 5, 2013 Session

## JACK STEVENS v. KARNS VOLUNTEER FIRE DEPARTMENT

**Appeal from the Chancery Court for Knox County**
**No. 1805623     Hon. Michael W. Moyers, Chancellor**

_____

### No. E2013-01298-COA-R3-CV-FILED-NOVEMBER 27, 2013

_____

This is a declaratory judgment action in which Plaintiffs sought the return of property that had been donated to the Karns Volunteer Fire Department ("Fire Department"). Plaintiffs alleged that a reversionary clause in the warranty deed had been triggered when Fire Department began paying firefighters and charging subscription fees for its services. The parties filed competing motions for summary judgment. The trial court determined that the reversionary clause had not been triggered and granted Fire Department's motion for summary judgment. Plaintiffs appeal. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

W. Tyler Chastain and Margo J. Maxwell, Knoxville, Tennessee, for the appellants, Jack Stevens and Emmett G. Stevens, Jr.

Jack Warner Piper, Jr., Knoxville, Tennessee, for the appellee, Karns Volunteer Fire Department.

## OPINION

### I. BACKGROUND

On July 20, 1992, Dewey B. Hickman and Irene S. Hickman (collectively "the Hickmans") donated .28 acres of real property in Knoxville, Tennessee to Fire Department. The warranty deed contained a reversionary clause, which provided,

TO HAVE AND TO HOLD the said premises to the said Second Party for so long as the property is used by Second Party for a fire station under the name of Karns Volunteer Fire Department to the end that should the Karns Volunteer Fire Department cease to exist either by name or function or should the above described property permanently cease to be used for the foregoing purpose and in the foregoing name, the above described property will revert to the First Parties.

The grant of the property was made because volunteer firefighters helped the Hickmans when their home caught fire several years earlier. They sought to provide land for a fire station in Ball Camp because a railroad track separated the community from the existing fire station in Karns. Once Fire Department obtained the land, it built a two-bay fire station in Ball Camp. Approximately six years later, the Hickmans deeded the same property to Jack Stevens and Emmett G. Stevens, Jr. (collectively "Plaintiffs") by way of a quitclaim deed.

Fire Department, which Emmett G. Stevens, Jr. helped establish by charter in 1978, was operated by unpaid volunteers until 2001, when Fire Department hired its first paid personnel. At present, approximately 8 firefighters are paid, while 46 firefighters serve on a volunteer basis. Fire Department had been funded solely by donations received from the community from the time of its existence until January 2011, when Fire Department began offering its services on a subscription basis. Residents serviced by Fire Department were advised to either pay the requisite subscription fee or pay hefty charges in the event that services were needed. As a result of the switch to subscription based services, revenue increased from approximately $300,000 per year to $1,500,000 per year. Despite the increase in revenue, Fire Department maintained its status as a non-profit organization. The additional revenue allowed Fire Department to hire more paid personnel and update equipment, vehicles, and fire stations in the area, which allowed them to provide more comprehensive coverage to the growing communities serviced by Fire Department. As the improvements were made, Fire Department began dropping the "Volunteer" in its name when labeling uniforms, trucks, and buildings.

On June 3, 2011, Plaintiffs filed the instant complaint, requesting a declaratory judgment providing that the reversionary clause had been triggered by the hiring of paid personnel and the switch to subscription based services. Plaintiffs asserted that the warranty deed was offered so long as Fire Department functioned solely as a volunteer fire department. Plaintiffs claimed that as a result of the decision to pay personnel and charge for services, Fire Department was no longer a volunteer fire department, thereby triggering the reversionary clause and requiring the property to revert back to them. They noted that Fire Department had been specifically classified as a combination fire department. Three months

later, Plaintiffs filed a motion for summary judgment, asserting that Fire Department had changed its function and that the reversionary clause had been triggered.

Fire Department responded by asserting that the hiring of paid personnel and the switch to subscription based services did not change the function of Fire Department, which had always been to provide fire protection services to the communities of Karns, Ball Camp, Hardin Valley, and Solway. Likewise, Fire Department filed a competing motion for summary judgment, requesting the court to determine as a matter of law that the reversionary clause in the warranty deed had not been triggered.

A hearing was held, after which the trial court found that the use of the words "function" and "purpose" had essentially the same meaning. The court stated,

> [T]he language read in a plain and ordinary sense suggests that the intention of the parties was that this property be in the possession of Karns Volunteer Fire Department so long as it was used as a fire station. If they ever stopped using it as a fire station, [the property] would revert back to the initial parties. [T]he language of the case does not suggest that the funding mechanism of the volunteer fire department was the primary consideration in rendering the gift.

In so holding, the trial court granted Fire Department's motion for summary judgment and dismissed the complaint. This timely appeal followed.

## II. ISSUE

We consolidate and restate the issues raised on appeal by Plaintiffs as follows:

Whether the court erred in holding that the reversionary clause had not been triggered when Fire Department no longer operated solely as a volunteer fire department and had begun offering its services on a subscription basis.

## III. STANDARD OF REVIEW

Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. A properly supported motion for summary judgment "must either (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial." *Hannan v. Alltel Publ'g. Co.*, 270 S.W.3d 1, 9 (Tenn. 2008), *superseded by statute*, 2011 Tenn. Pub. Acts ch. 498 §§ 1, 3

(codified at Tenn. Code Ann. § 20-16-101).[1]  When the moving party has made a properly supported motion, the "burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists."  *Id.* at 5; *see Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993).  The nonmoving party may not simply rest upon the pleadings but must offer proof by affidavits or other discovery materials to show that there is a genuine issue for trial.  Tenn. R. Civ. P. 56.06.  If the nonmoving party "does not so respond, summary judgment, if appropriate, shall be entered." Tenn. R. Civ. P. 56.06.

On appeal, this court reviews a trial court's grant of summary judgment de novo with no presumption of correctness.  *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 412 (Tenn. 1997).  In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor.  *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox. Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999).  If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law.  *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

## IV.  DISCUSSION

Plaintiffs argue that the trial court erred in finding that the words "function" and "purpose" had essentially the same meaning in the warranty deed.  They claim that the initial function of Fire Department was to operate its activities as a volunteer fire department staffed by volunteers and funded by gifts and donations.  They assert that the reversionary clause was triggered when Fire Department's function changed.  Fire Department responds that its function has always been to offer fire protection services for the communities in the area and that the argument presented by Plaintiffs requires a "strained and contorted" interpretation of the warranty deed.

"The interpretation of a deed is a question of law."  *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 466 (Tenn. 2012) (citations omitted).  "In interpreting a deed, courts are primarily concerned with ascertaining the intent of the grantor."  *Id.*  "Courts ascertain the grantor's intent from the words of the deed as a whole and from the surrounding circumstances."  *Id.* (citations omitted).  The court must examine the language of the

---

[1] The Tennessee General Assembly legislatively reversed the Tennessee Supreme Court's holding in *Hannan*. *See* Tenn. Code Ann. § 20-16-101.  The statute is applicable to cases filed on or after July 1, 2011.  Thus, in this appeal, we will continue to apply the summary judgment standard set forth in *Hannan* because the complaint was filed prior to July 1, 2011.

document, giving each word its usual, natural, and ordinary meaning. *See Wilson v. Moore*, 929 S.W.2d 367, 373 (Tenn. Ct. App. 1996). The court's initial task in construing the document is to determine whether the language is ambiguous. *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 889-90 (Tenn. 2002). A document is ambiguous if its meaning is uncertain and is susceptible to more than one reasonable interpretation. *See Bonastia v. Berman Bros.*, 914 F.Supp. 1533, 1537 (W.D. Tenn. 1995); *Frank Rudy Heirs Assocs. v. Moore & Assocs., Inc.*, 919 S.W.2d 609, 613 (Tenn. Ct. App.1995); *Gredig v. Tennessee Farmers Mut. Ins. Co.*, 891 S.W.2d 909, 912 (Tenn. Ct. App. 1994). If we determine that the language of a document is ambiguous, we construe the ambiguity against the drafter of the document. *See Hanover Ins. Co. v. Haney*, 425 S.W.2d 590, 592 (Tenn. 1968); *Realty Shop, Inc. v. RR Westminster Holding, Inc.*, 7 S.W.3d 581, 598 (Tenn. Ct. App. 1999).

The parties agree that the Hickmans conveyed a fee simple determinable but retained a reversionary interest in the property. This type of conveyance is described as follows:

> A fee simple determinable is a fee simple which may endure in the grantee forever, but which is subject to a special limitation that may cause the estate to revert to the grantor. The future interest retained by the grantor of a fee simple determinable is a mere possibility of reverter. A fee simple determinable estate terminates naturally and automatically when the property is no longer used as required. Termination is automatic because the limitation forms part of the estate's very nature.

*Griffis v. Davidson Cnty. Metro. Gov.*, 164 S.W.3d 267, 274-75 (Tenn. 2005) (internal citations omitted). As previously mentioned, the clause at issue in this case provides,

> TO HAVE AND TO HOLD the said premises to the said Second Party for so long as the property is used by Second Party for a fire station under the name of Karns Volunteer Fire Department to the end that should the Karns Volunteer Fire Department cease to exist either by name or *function* or should the above described property permanently cease to be used for the *foregoing purpose* and in the foregoing name, the above described property will revert to the First Parties.

(Emphasis added). Function is defined, by Black's Law Dictionary, 9th edition, as an "[a]ctivity that is appropriate to a particular business or profession" or as "office; duty; the occupation of an office." Similarly, function is also defined as "the special purpose or activity for which a thing exists or is used." Merriam-Webster Online Dictionary (2013) (www.merriam-webster.com (derived from Merriam-Webster's Collegiate Dictionary (11th

Ed.))). Purpose is defined, by Black's Law Dictionary, 9th edition, as "[a]n objective, goal, or end; specif[ally], the business activity that a corporation is chartered to engage in." Similarly, purpose is also defined as "the reason why something is done or used" or "the aim or intention of something." Merriam-Webster Online Dictionary (2013) (www.merriam-webster.com (derived from Merriam-Webster's Collegiate Dictionary (11th Ed.))).

Admittedly, the definitions of function and purpose are extremely similar regardless of which publication is relied upon in defining the terms. What is clear is that the use of the word function cannot be read to mean that Fire Department risks the loss of the property unless it remains staffed *solely* by unpaid volunteers and relies *solely* upon donations. We acknowledge that Fire Department was initially staffed with volunteers and that its reliance upon donations was likely a reason for the decision to donate the property. However, adopting the interpretation of the deed presented by Plaintiffs would require us to rely upon an interpretation that is simply not merited when considering the surrounding circumstances and giving each word in the deed its usual, natural, and ordinary meaning. The record reflects that the Hickmans executed the deed in gratitude for the work of the volunteer firefighters and to provide a fire station for the Ball Camp community. At present, Fire Department continues to provide services for the community and continues to be staffed by volunteer firefighters in addition to paid personnel, who ensure that Fire Department is an effective resource for the community. Even the switch to subscription based services has not jeopardized the availability of Fire Department for the community as long as Fire Department provides services to everyone, regardless of the home occupant's subscription status. With these considerations in mind, we hold that the reversionary clause was not triggered by the employment of paid personnel and the switch to subscription based services. Accordingly, we affirm the court's grant of Fire Department's motion for summary judgment.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed equally to the appellants, Jack Stevens and Emmett G. Stevens, Jr.

_____
JOHN W. McCLARTY, JUDGE