# IN THE COURT OF APPEALS OF TENNESSEE
# AT KNOXVILLE
May 13, 2014 Session

# FEDERAL NATIONAL MORTGAGE ASSOCIATION v. DEANNA R. LAMBERT

**Appeal from the Circuit Court for Bledsoe County**
**No. 2013CV5184    Hon. J. Curtis Smith, Judge**

---

**No. E2013-01876-COA-R3-CV-FILED-JUNE 26, 2014**

---

This is a detainer action in which Fannie Mae was awarded a judgment of possession of Defendant's property in sessions court. Defendant refused to vacate the property and appealed to the circuit court. Fannie Mae filed a motion for summary judgment, while Defendant sought to void the judgment of possession. The trial court granted the motion for summary judgment and upheld the foreclosure sale. Defendant appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

Deanna R. Lambert, Pikeville, Tennessee, Pro Se.

Joshua H. Threadcraft, Birmingham, Alabama, for the appellee, Federal National Mortgage Association.

## OPINION

## I.  BACKGROUND

Deanna R. Lambert ("Defendant") executed an adjustable rate home equity conversion deed of trust that effectively conveyed legal title of her property to First Title Insurance Company as trustee in exchange for a cash payment. The note was later assigned to OneWest Bank, FSB ("OneWest"), and Shapiro & Kirsch, LLP ("Shapiro") was assigned as substitute trustee. In February 2012, Shapiro notified Defendant that her property was scheduled for

a foreclosure sale because she was in default of the trust terms. The sale was advertised and held as scheduled on March 15, 2012. OneWest purchased the property and assigned its interest to Federal National Mortgage Association ("Fannie Mae"). When Defendant refused to vacate, Fannie Mae filed a detainer warrant and was awarded a judgment of possession.

Defendant appealed to the Bledsoe County Circuit Court. Fannie Mae filed a motion for summary judgment, while Defendant sought to vacate the judgment by raising a myriad of issues. Defendant alleged that she had revoked the deed of trust, that the she had not received an adequate notice to vacate or notice of foreclosure, that the foreclosure sale was improper because a sheriff was not present at the sale, that the property was illegally sold before the public sale, and that she did not receive notice of the change in trustee. The trial court attempted to respond to each of the exhaustive allegations before denying Defendant's motion and granting Fannie Mae's motion for summary judgment, holding that Fannie Mae had "met its burden by demonstrating that [Defendant's evidence was insufficient] to establish a right of possession to the property." This timely appeal followed.

## II. ISSUE

We restate the issue raised on appeal by Defendant as follows:

Whether the trial court erred in granting the motion for summary judgment in favor of Fannie Mae.

## III. STANDARD OF REVIEW

This detainer action was initiated in 2012; therefore, the dispositive motion is governed by Tennessee Code Annotated section 20-6-101, which provides,

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101.

A trial court's decision to grant a motion for summary judgment presents a question of law, which we review de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 417 (Tenn. 1997). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

## IV. DISCUSSION

Defendant argues that the trial court erred in granting the motion for summary judgment. She claims that she was unable to effectively argue her case and that she was denied a trial by jury. She asserts that the mortgage itself was unenforceable because Mortgage Electronic Registration Systems, Inc. ("MERS") was involved in the mortgage process. She alternatively contends that the mortgage had been paid in full and that the mortgage had been unlawfully sold prior to the foreclosure sale. Fannie Mae claims that Defendant's brief fails to raise a proper issue for appeal. Nevertheless, Fannie Mae attempts to respond to the issues and ultimately argues that the trial court did not err in granting its motion for summary judgment.

We agree with Fannie Mae that there are a multitude of problems with Defendant's brief. She failed to comply with the majority of the requirements contained in Rule 27(a) of the Tennessee Rules of Appellate Procedure and presented a rambling and, at times, incoherent brief. We believe that these shortcomings in the brief are due, in part, to Defendant's status as a pro se litigant. This court "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App.1995)). It is well-settled that, "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, [p]ro se litigants are not . . . entitled to shift the burden of litigating their case[s] to the courts." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009). However, "[t]he courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs." *Young*, 130 S.W.3d at 63. Accordingly, we will attempt to address the issues mentioned by Defendant.

The Tennessee Code provides for unlawful detainer actions as follows:

(a) The cause shall be tried at the time and place designated, by a single general sessions judge, *without the intervention of a jury*, and in all respects like other civil suits before the court of general sessions.

(b) The general sessions judge will try every case upon its merits and ascertain whether the plaintiff or defendant is entitled to the possession of the premises agreeably to the laws governing such cases, and give judgment accordingly.

(c) The estate, or merits of the title, shall not be inquired into.

Tenn. Code Ann. § 29-18-119 (emphasis added). Additionally, this court has held that those who refuse to surrender possession after a foreclosure sale "may assert wrongful foreclosure as an affirmative defense" to an unlawful detainer action. *CitiMortgage Inc. v. Drake*, 410 S.W.3d 797, 807 (Tenn. Ct. App. 2013).

Relative to Defendant's relevant claims on appeal, she was not entitled to a trial by jury. Tenn. Code Ann. § 29-18-119(a). We, like the trial court, cannot find any evidence in the record before this court of an unlawful sale of the property prior to the foreclosure. Additionally, Defendant's claim that the mortgage had been paid in full prior to the sale is also an unsubstantiated allegation. In support of her assertion that she had discharged the debt, Defendant offered a copy of a check and a letter from an insurance company. The check was addressed to OneWest, marked as "not for deposit," and dated March 14, 2012. The letter, dated March 25, 2012, provided that the loan had been paid in full and that coverage had been cancelled, effective March 16, 2012. We agree that the loan had likely been paid in full by that time because OneWest purchased the property on March 15, 2012. However, Defendant failed to offer any evidence that OneWest accepted her payment or that she had effectively discharged her debt prior to or even after the sale by other means.

Relative to her assertion concerning the involvement of MERS, the only evidence offered supporting this allegation was included in the reply brief. The document should not have been included in the brief as if it had been admitted by and considered by the trial court. Parties may not "add to or subtract from the record except insofar as may be necessary to convey a fair, accurate and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(g). Even if we were to accept the involvement of MERS as argued by Defendant, such involvement would not render the mortgage "unenforceable" in this state. MERS serves as an electronic processing and tracking system for lending institutions that pay an annual subscription fee to MERS. In such cases, MERS never receives an independent interest in the property.

-4-

In consideration of the foregoing, we conclude that the trial court did not err in granting Fannie Mae's motion for summary judgment because Defendant failed to offer any evidence establishing her right of possession to the property.

## V.  CONCLUSION

The judgment of the trial court is affirmed, and this case is remanded to the trial court for enforcement of the court's judgment and collection of cost assessed below.  Costs of the appeal are taxed to the pro se appellant, Deanna R. Lambert.


_____
JOHN W. McCLARTY, JUDGE