IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 26, 2014 Session

**GREG PHILLIPS v. SOUTHERN HERITAGE BANK**

**Appeal from the Circuit Court for Bradley County**
**No. V13455     Hon. Larry Puckett, Judge**

_____

**No. E2014-00222-COA-R3-CV-FILED-SEPTEMBER 25, 2014**

_____

This appeal concerns Plaintiff's complaint against Southern Heritage Bank to recover funds depleted from his account while he was incarcerated. Southern Heritage Bank filed a motion for summary judgment, alleging that the checks used to deplete the account were signed by Plaintiff's mother, an authorized user, and that even if the checks were signed fraudulently, Plaintiff failed to timely review his bank statements. The trial court granted the motion for summary judgment. Plaintiff appeals. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

Greg Phillips, Cleveland, Tennessee, Pro Se.

Michael E. Jenne, Cleveland, Tennessee, for the appellee, Southern Heritage Bank.

**OPINION**

**I.  BACKGROUND**

Greg Phillips ("Plaintiff"), along with his mother, Patricia Phillips ("Mother"), opened the bank account at issue with Southern Heritage Bank ("Bank") on May 16, 2011. Plaintiff and Mother were designated as authorized users of the account. From January 2012 through June 13, 2012, Plaintiff was incarcerated for various charges. Plaintiff did not inform Bank of his incarceration. Upon Plaintiff's release, he discovered that his bank account had been closed due to insufficient funds in May 2012 and that his entire account had been depleted,

largely as a result of six checks that appeared to have been signed by Mother. Attesting that his sister, Tracy Phillips Caldwell ("Sister"), had forged Mother's signature, Plaintiff requested the return of the funds. Bank refused Plaintiff's request.

On June 11, 2013, Plaintiff filed suit, alleging that Bank was negligent in processing payment for six checks, totaling $1,557.50, between February 3 and March 27 that bore Mother's name as the signatory. Plaintiff requested damages in the amount of $100,000, reflecting the amount of the checks, overdraft fees, the alleged loss of an insurance policy for failure to pay his premiums, other losses as a result of his account being closed without his knowledge or consent, and punitive damages. Bank responded by denying wrongdoing and alleging that Plaintiff's negligence caused the damages at issue.

Bank filed a motion for summary judgment, asserting that Plaintiff's claim must fail because the checks at issue were signed by Mother, an authorized account user, and that Plaintiff had violated his legal and statutory duty to timely review his bank statements and provide notice of the alleged unauthorized signatures pursuant to Tennessee Code Annotated section 47-4-406. In support of its motion, Bank attached affidavits from Patsy Locklear, Marty Pearce, and Sister.

Ms. Locklear attested that Plaintiff failed to inform Bank of his incarceration and that Bank processed six checks for payment that bore Mother's name as signatory. She stated that Plaintiff admitted that two of the six checks were written to Gilbert Real Estate for rent he incurred while incarcerated. She asserted that all six checks were lawfully signed by Mother and that Plaintiff had also given his debit card to an unauthorized user, who further depleted his account in the amount of $282.43, in violation of his agreement with Bank. She provided that the account had been overdrawn in the amount of $411.34 but that Plaintiff had not provided any funds in fulfillment of the deficiency.

Mr. Pearce, a certified forensic document examiner, attested that "based upon a reasonable degree of certainty within [his] profession of expertise as a handwriting expert" that four of the six checks were signed by Mother. Likewise, he believed that the fifth check was "more likely than not" signed by Mother. He conceded that the sixth check was of such poor quality that he was unable to form a conclusion beyond his bare belief that the signature "appear[ed] to be consistent" with the other signatures.

Sister attested that she had not signed the checks at issue but that the checks were "most definitely" signed by Mother.

Plaintiff failed to respond to Bank's motion for summary judgment. Following a hearing, the trial court granted Bank's motion for summary judgment, finding that there were

no genuine issues as to any material fact and that Bank was entitled to judgment as a matter of law. Following the denial of post-trial motions, this timely appeal followed.

## II. ISSUES

We consolidate and restate the issues raised on appeal by Plaintiff as follows:

A. Whether the trial court erred in granting the motion for summary judgment.

Bank also raised an issue for our consideration on appeal that we restate as follows:

B. Whether this court must affirm the trial court's judgment as a result of Plaintiff's failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Tennessee Court of Appeals.

## III. STANDARD OF REVIEW

This action was initiated in 2013; therefore, the dispositive summary judgment motion is governed by Tennessee Code Annotated section 20-6-101, which provides,

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> > (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> >
> > (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101.

A trial court's decision to grant a motion for summary judgment presents a question of law, which we review de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 417 (Tenn. 1997). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then

the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

## IV. DISCUSSION

### A. & B.

As a threshold issue, we must first address Bank's assertion that Plaintiff failed to comply with Rule 27 of the Rules of Appellate Procedure and Rule 6 of the Tennessee Court of Appeals. We agree that Plaintiff failed to comply with the majority of the requirements contained in Rule 27(a) of the Tennessee Rules of Appellate Procedure and presented a rambling and, at times, incoherent brief. Furthermore, by not providing any relevant citations to the record, Plaintiff has failed to comply with Rule 6 of the Tennessee Court of Appeals which states in part:

> (b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(b). Failure to comply with these rules may result in waiver of the issues presented for review by this court. *Bean v. Bean*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000). We believe that these shortcomings in the brief are due, in part, to Plaintiff's status as a pro se litigant. This court "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995)). However, "[t]he courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs." *Id.* Accordingly, we will proceed with our review of the issue presented on appeal.

Plaintiff appeals the summary judgment dismissal of his complaint. Bank responds that the trial court did not err in granting its motion for summary judgment because Plaintiff failed to respond to that motion. Bank asserts that there were no genuine issues of material fact when Mother clearly signed the checks at issue and when Plaintiff failed to timely review his bank statements as required by Tennessee Code Annotated section 47-4-406.

-4-

Our review of the record establishes that the trial court did not err in finding that the evidence offered by Plaintiff was insufficient to create a genuine issue of material fact regarding an essential element of his claim, namely whether the checks at issue were fraudulent. Bank's affidavits established that Mother signed at least four of the six checks, that she "more likely than not" signed a fifth check, and that the signature on a sixth check was "consistent" with her other signatures. Likewise, two of the six checks were written for Plaintiff's benefit in fulfillment of his rental obligations to Gilbert Real Estate. Plaintiff failed to offer any response to Bank's affirmative evidence.

Moreover, Plaintiff was statutorily precluded from arguing that the signatures on the checks were unauthorized pursuant to Tennessee Code Annotated section 47-4-406, which provides, in pertinent part,

> (a) A bank that sends or makes available to a customer a statement of account showing payment of items for the account shall either return or make available to the customer the items paid or provide information in the statement of account sufficient to allow the customer reasonably to identify the items paid. The statement of account provides sufficient information if the item is described by item number, amount, and date of payment.

> * * *

> (c) If a bank sends or makes available a statement of account or items pursuant to subsection (a), the customer must exercise reasonable promptness in examining the statement or the items to determine whether (i) any payment was not authorized because of an alteration of an item or an unauthorized signature purportedly made by or on behalf of the customer, or because the payment was made in an incorrect amount, or (ii) a deposit is missing or has been incorrectly credited. If, based on the statement or items provided, the customer should reasonably have discovered the unauthorized payment or missing or incorrectly credited deposit, the customer must promptly notify the bank of the relevant facts.

> (d) If the bank proves that the customer failed, with respect to an item or deposit, to comply with the duties imposed on the customer by subsection (c), the customer is *precluded* from asserting against the bank:

> > (1) Such payment or missing or incorrectly credited deposit, if the bank also proves that it suffered a loss by reason of the failure; and

-5-

(2) the customer's unauthorized signature or alteration by the same wrongdoer on any other item paid in good faith by the bank if the payment was made before the bank received notice from the customer of the unauthorized signature or alteration and after the customer had been afforded a reasonable period of time, not exceeding thirty (30) days, in which to examine the item or statement of account and notify the bank.

(e) If the customer proves that the bank did not pay the item in good faith, the preclusion under subsection (d) does not apply.

(Emphasis added). The checks at issue were processed for payment between February 2012 and March 2012, and the relevant bank records were mailed to Plaintiff's designated address. Yet, Plaintiff did not notify Bank of the alleged fraudulent activity until sometime in June 2012, well after the account had been closed due to insufficient funds in May 2012. We acknowledge that Plaintiff was incarcerated during that time; however, he failed to inform Bank of his incarceration or provide an avenue in which to notify him while incarcerated. In consideration of the foregoing, we conclude that the trial court did not err in granting the motion for summary judgment when Bank was entitled to judgment as a matter of law because no genuine issues of material fact remained. In so holding, we acknowledge that the depletion of Plaintiff's account while he was incarcerated likely caused financial difficulties upon his release. We sympathize with Plaintiff's plight. However, we cannot afford him the relief he desires given the record before this court.

### V. CONCLUSION

The judgment of the trial court is affirmed. This case is remanded to the trial court pursuant to applicable law for collection of costs assessed below. Costs of the appeal are taxed to the appellant, Greg Phillips.

_____
JOHN W. McCLARTY, JUDGE

-6-