# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 14, 2016 Session

## PAUL HOUSEWRIGHT, ET AL. V. DR. RONALD K. McCORMACK, ET AL.

### Appeal from the Chancery Court for Hawkins County
No. 2014-CH-225     Douglas T. Jenkins, Chancellor

### No. E2016-00272-COA-R3-CV-FILED-NOVEMBER 29, 2016

This appeal concerns the validity of a warranty deed in which the decedents conveyed a parcel of property for the benefit of a church. The deed contained a reversionary clause requiring the property to revert back if no longer used for the benefit of the church. The same parcel was included in another deed that did not contain a reversionary clause but was recorded before the original deed. The church listed the property for sale approximately 67 years later. The decedents' heirs filed suit. The defendants sought summary judgment, claiming that ownership of the property was established through the deed recorded first. The court granted summary judgment. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J. and THOMAS R. FRIERSON, II, J., joined.

Phillip L. Boyd, Rogersville, Tennessee, for the appellants, Paul Housewright, Billy Kyle Housewright, Judy Housewright Jenkins, Danny Gladson, Armina Kegley, Diana Sweet, Patricia Michael, Frank Gladstone, and Paula Diggers.

Sandra L. Schefeik, Estill Springs, Tennessee, for the appellees, Dr. Ronald McCormack, First Church of the Nazarene of the East Tennessee District, and Town and Country Realty.

**OPINION**

## I.     BACKGROUND

On June 26, 1947, W.E. Housewright and Mary Sue Housewright (collectively "the Housewrights") signed a warranty deed in which they sought to convey a parcel of property for the construction of the Church Hill Nazarene Church ("the Church") and other improvements.  The deed provided, in pertinent part, as follows:

> This property is deeded for the purpose of erecting a Nazarene Church and if it should ever fail to be used as such, then this said land will go back to parties of the first part.

The deed did not list a grantee and was not recorded until August 19, 2014, shortly before the present litigation.

Moreover, on April 12, 1948, the Housewrights signed another warranty deed in which they conveyed 14 acres of property, including the parcel at issue, to Clarence W. Wallace and Mary Kate Wallace (collectively "the Wallaces").  The Wallaces paid the Housewrights $3,000 and recorded the deed on April 28, 1948.  This deed was later corrected, presumably to exclude the parcel already conveyed to the Church.[1]

On August 4, 1948, the Wallaces then conveyed the parcel at issue by warranty deed to Ada Long and Mrs. Housewright, as Trustees of the Church and their successors in office.  This deed was recorded on January 12, 1950.

In May 2014, the Advisory Board of East Tennessee, the Church's governing entity, decided to sell the property because of low attendance and financial difficulties.  The Housewrights' heirs (collectively "Plaintiffs") filed suit against Dr. Ronald McCormack, First Church of the Nazarene of the East Tennessee District, and Town and Country Realty (collectively "Defendants"), alleging that the property could not be sold as a result of the reversionary clause in the 1947 deed.

Defendants sought summary judgment, claiming that ownership of the property was properly established through the August 1948 deed from the Wallaces to the Church.  Defendants attached an affidavit from Dr. McCormack in which he provided that a title search revealed that the Church held the title to the property at issue.  He claimed that he first learned of the 1947 deed in August 2014.

---

[1] The Housewrights executed a deed of correction in which they sought to correct the property description in the April 1948 deed.  The deed of correction was recorded on October 23, 1951.

Plaintiffs moved to dismiss the motion for summary judgment, claiming that the motion failed to state a basis upon which it could be granted and that Defendants failed to comply with Rule 56.03 of the Tennessee Rules of Civil Procedure by failing to file a statement of undisputed material facts and by attaching an affidavit that was not supported by the affiant's personal knowledge.

Plaintiffs also filed a statement of disputed facts in which they claimed that the 1947 deed was properly recorded and should be included in the property's chain of title. They asserted that the October 1951 deed of correction clarified that the April 1948 deed erroneously included the property at issue. They further claimed that construction of the Church began two years before the 1948 deeds and three years before the 1951 deed of correction. They provided that a dedication plaque was presented to Mrs. Housewright in recognition of her donation of the property.

Plaintiffs attached affidavits from Paul and Billy Kyle Housewright, who attested to their personal knowledge of their mother's status as the original grantor and trustee of the property at issue. They further provided as follows:

> It was common knowledge of the Church members and neighbors [that] this property was a part of the Housewright property [and that] there was a reversionary clause stating [that] at any time the Church ceased operations the property was to revert to the Housewright family.

Billy Kyle Housewright further attested that he was in possession of a copy of the 1947 deed but that the original could not be located until September 2014.

Following a hearing on the motion for summary judgment, the court granted Defendants leave to file a statement of undisputed material facts and Plaintiffs leave to take the deposition of Reverend John William Hood. Meanwhile, the parties agreed to sell the property to an interested buyer and allow the proceeds of the sale to be held by the court pending the resolution of the suit. The agreement also provided for the dismissal of Town and Country Realty as a party to the suit.[2]

Defendants filed a statement of undisputed material facts, to which Plaintiffs responded. The parties essentially disagreed on two issues, namely whether the April 1947 deed or the August 1948 deed conveyed the property at issue and whether Defendants were aware of the 1947 deed prior to the start of litigation. Plaintiffs claimed that the April 1948 deed from the Housewrights to the Wallaces did not convey good title, thereby also invalidating the August 1948 deed to the Church. Plaintiffs further

---

[2] Despite the agreement, the property had not been sold at the time of oral argument.

claimed that the grant of the property at issue pursuant to the 1947 deed was common knowledge, as evidenced by the plaque presented to Mrs. Housewright.

Defendants filed a renewed motion for summary judgment with a new statement of undisputed material facts.[3] Defendants also attached affidavits from Dr. McCormack; Wendy Poe, a realtor for Town and Country Realty; Jason D. Ray, treasurer for the East Tennessee District, Church of the Nazarene; and Oma S. Davis, the secretary for the Church. As pertinent to this appeal, Ms. Davis attested that she was in possession of a lock box containing deeds and other important documents for the Church. She denied knowledge of the 1947 deed.

Plaintiffs again sought dismissal of the motion for summary judgment, citing procedural errors. They also attached an affidavit in which Billy Kyle Housewright denied Ms. Davis's statement. He claimed that she had previously asked him if he possessed a copy of the 1947 deed.

Reverend Hood testified by deposition that he served as a pastor of the Church from 2002 through 2003. He recalled that his father also pastored the Church in the 1940s and again at a later date. He stated that a fire destroyed the Church's records either shortly before or after his return as pastor.

Reverend Hood testified that his father told him that the Housewrights gave the property at issue to the church. He acknowledged a later discussion between himself and Kyle Housewright in which he learned that the property would revert to the Housewrights if the Church closed or attempted to sell the property. He noted that the same property had been deeded to the Wallaces, who promptly deeded the property back to the Church upon their discovery that the April 1948 deed erroneously included the parcel at issue.

Following a hearing, the trial court granted summary judgment, holding that Plaintiffs had no interest in the property at issue. The court found that the August 1948 deed was a valid instrument that conveyed title of the property to the Church, while the 1947 deed had no ascertainable legal description or grantees.

---

[3] The statement was almost a duplicate of the original, with the exception of a few citations and the omission of Defendants' claim that the Church was unaware of the 1947 deed until the start of litigation.

## II.    ISSUES

We consolidate and restate the issues on appeal as follows:

A.    Whether the trial court committed reversible error by granting summary judgment based upon a motion that failed to comply with the requirements of Rule 56.03 of the Tennessee Rules of Civil Procedure.

B.    Whether the trial court erred in granting summary judgment.

C.    Whether Defendants are entitled to costs and attorney fees on appeal.

## III.    STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. To make this showing the moving party—where it does not bear the burden of proof at trial—must either "(1) affirmatively negat[e] an essential element of the nonmoving party's claim or (2) [demonstrate] that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

This court reviews a trial court's grant of summary judgment de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 412 (Tenn. 1997). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the non-movant and resolve all factual inferences in the non-movant's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox. Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the moving party is entitled to judgment as a matter of law and the trial court's decision will be upheld. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

# IV. DISCUSSION

## A.

Plaintiffs cite a number of procedural errors in support of their request for a reversal of the grant of summary judgment. They first claim that the court committed reversible error by failing to dismiss the summary judgment motion because it did not contain a separate statement of material facts.

Plaintiffs are correct that summary judgment motions must be accompanied by a separate statement of material facts. Indeed, Rule 56.03 of the Tennessee Rules of Civil Procedure provides as follows:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure *shall be accompanied by a separate concise statement of the material facts* as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

(Emphasis added.). The Rules do not provide a consequence for the failure to file the required statement of material facts and even allow for the filing of successive motions at any time. *See* Tenn. R. Civ. P. 56.02 ("A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."). Accordingly, we conclude that any error was cured by the second motion which contained the required statement.

Plaintiffs next claim that the court committed reversible error by failing to dismiss the summary judgment motion because the supporting affidavits were not based upon the affiant's personal knowledge and did not contain proof suitable for trial. Rule 56.06 of the Tennessee Rules of Civil Procedure provides, in pertinent part, as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

The record reflects that the supporting affidavits were based upon the affiant's personal knowledge and contained facts that would be admissible at trial.

Plaintiffs lastly claim that the court committed reversible error by failing to hold a hearing following the filing of the second summary judgment motion. They acknowledge that a hearing was held following the filing of the initial motion but assert that a second hearing was required once the new motion with the statement of material facts was filed. Rule 56.04 of the Tennessee Rules of Civil Procedure provides, in pertinent part, as follows:

> The motion shall be served at least thirty (30) days before the time fixed for the hearing. The adverse party may serve and file opposing affidavits not later than five days before the hearing. Subject to the moving party's compliance with Rule 56.03, the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Rules do not provide a procedure for the scenario presented in this case. Moreover, Plaintiffs responded to the statement of material facts, presented their own affidavits, and even provided the deposition testimony of Reverend Hood in support of their response. Accordingly, we conclude that any potential error in failing to hold a new hearing after the filing of the second motion was harmless. Our harmless error rule considers whether the error "more probably than not affected the judgment" or "the substantial rights of the party." Tenn. R. App. P. 36(b).[4] Here, the record is clear that Plaintiffs were afforded an opportunity to argue their case and present evidence in support of their position.

## B.

Plaintiffs assert that genuine issues of material fact remain concerning the validity of the 1947 deed. They claim that any latent ambiguities in the deed may be resolved by considering the intention of the grantors and extrinsic evidence. Defendants respond that summary judgment dismissal was appropriate when Plaintiffs failed to establish their ownership interest in the property as evidenced by the filing of the 1948 deed before the

---

[4] "(b) Effect of Error. A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process. When necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal." Tenn. R. App. P. 36(b).

1947 deed. They note that unregistered instruments are invalid as to bona fide purchasers. They explain that the Church had no notice of the 1947 deed until 2014. Plaintiffs issued a reply brief in which they respond that the Church was not a bona fide purchaser for value because the August 1948 deed was not supported by consideration. They alternatively claim that even if the 1948 deed was supported by consideration, the church had actual, constructive, or inquiry notice of the 1947 deed.

Plaintiffs provide that even unregistered instruments are enforceable pursuant to Tennessee Code Annotated section 66-26-101, which provides as follows:

> [Deeds for the absolute conveyance of land] shall have effect between the parties to the same, and their heirs and representatives, without registration; but as to other persons, not having actual notice of them, only from the noting thereof for registration on the books of the register, unless otherwise expressly provided.

The 1947 deed did not list a grantee and only provided that the property was deeded "for the purpose of erecting a Nazarene Church." Without an ascertainable grantee, section 66-26-101 is inapplicable.

However, sections 66-26-103 and 66-25-105 apply to the circumstances presented in this case. Section 66-26-103 provides as follows:

> Any instruments not so registered, or noted for registration, shall be null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice.

The August 1948 deed, recorded before the 1947 deed, provided that the conveyance was supported by the consideration "of the sum of One Dollar ($1.00) and other valuable considerations." Likewise, section 66-25-105 provides as follows:

> Any instruments first registered or noted for registration shall have preference over one of earlier date, but noted for registration afterwards; unless it is proved in a court of equity, according to the rules of the court, that the party claiming under the subsequent instrument had *full notice of the previous instrument*.

(Emphasis added.).

Here, Defendants claimed they had no notice of the 1947 deed. While Plaintiffs alleged that the 1947 conveyance was common knowledge in the community, their own

witness provided that the original deed had been misplaced and was not found until 2014, well after the 1948 conveyance. With these considerations in mind, we conclude that the trial court did not err in granting summary judgment.

## C.

Defendants request attorney fees on appeal. Tennessee Code Annotated section 27-1-122 provides for an award of sanctions in the form of attorney fees when an appeal is determined to be frivolous. To find an appeal frivolous, the appeal must be wholly without merit and lacking in justiciable issues. *See Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977); *Indus. Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). An appellate court's decision on this issue is discretionary, and this court is generally reluctant to award such damages because we do not want to discourage legitimate appeals. *Whalum v. Marshall*, 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006). We respectfully deny the request for attorney fees on appeal.

## V. CONCLUSION

The judgment of the trial court is affirmed. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed equally to the appellants, Paul Housewright, Billy Kyle Housewright, Judy Housewright Jenkins, Danny Gladson, Armina Kegley, Diana Sweet, Patricia Michael, Frank Gladstone, and Paula Diggers.

_____
JOHN W. McCLARTY, JUDGE