IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 8, 2020 Session

**AARON PATRICK TAYLOR v. JOSEPH WINSTON HARSH**

**Appeal from the Circuit Court for Putnam County**
**No. 2018-CV-256   Amy V. Hollars, Judge**

_____

**No. M2019-01129-COA-R3-CV**

_____

Plaintiff filed claims of slander, defamation, and interference with prospective economic advantage against defendant deputy sheriff in his individual capacity. The defendant filed a motion for summary judgment on the basis that he was entitled to immunity. The trial court granted the motion and dismissed plaintiff's claims on the basis of immunity. Because we cannot discern whether the trial court relied on the proper law in its ruling, we vacate the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ANDY D. BENNETT, and RICHARD H. DINKINS, JJ., joined.

Dan R. Alexander, and Mary Clemons, Nashville, Tennessee, for the appellant, Aaron Patrick Taylor.

Daniel H. Rader, III, Cookeville, Tennessee, for the appellee, Joseph Winston Harsh.

**OPINION**

## I.     BACKGROUND

On December 1, 2018, Plaintiff/Appellant Aaron Patrick Taylor ("Plaintiff") filed a complaint against Defendant/Appellee Joseph Winston Harsh ("Defendant") for tortious interference with prospective economic advantage, defamation, and slander. The complaint made clear that Defendant was being sued in his individual capacity rather than his official capacity. Specifically, the complaint alleged that Defendant, a deputy sheriff, performed a traffic stop on Plaintiff that resulted in no citation or arrest. According to the complaint, however, Defendant thereafter informed an official with a youth volunteer firefighter program, known as the Patricia Brown Explorer Program, or

merely Explorer, that Plaintiff had committed a felony and fled from the police. Based on what Plaintiff asserted were Defendant's "false and slanderous statements to Putnam County Fire Department" officials, Plaintiff was thereafter terminated from his involvement with the program.

On January 23, 2019, Defendant filed an answer denying the material allegations in the complaint and raising as an affirmative defense immunity under the Tennessee Governmental Tort Liability Act ("GTLA"). The same day, Defendant filed a motion for summary judgment. As the main ground, Defendant asserted that he was an employee of the Putnam County Sheriff's Office at the time of the incident, that he was at all times acting in the course and scope of his employment, and that he was entitled to immunity under Tennessee Code Annotated section 29-20-205, discussed in detail, *infra*. The motion also asserted that Plaintiff's injuries were the result of his own misconduct, rather than any statements made by Defendant. In support of this motion, Defendant included his own declaration under penalty of perjury, the declaration of Brian Maxwell, a City of Baxter police officer that was present after Defendant stopped Plaintiff, and the declaration of Coty Nash, a Captain of the Putnam County Fire Department, who ultimately terminated Plaintiff's involvement with the Explorer program. Defendant also filed a statement of undisputed material facts to support the motion for summary judgment, focusing on the traffic stop, Plaintiff's prior alleged misconduct, and Defendant's alleged immunity under section 29-20-205.

Plaintiff responded in opposition to Defendant's motion on February 20, 2019. Therein, Plaintiff asserted that summary judgment was inappropriate because no discovery had been conducted. Plaintiff further asserted that his claims were not barred by governmental immunity because the actions of Defendant were intentional. Plaintiff attached to his response his own affidavit, the affidavit of his mother who was present for the traffic stop, and an affidavit from Officer Maxwell, the officer that had previously signed a declaration under penalty of perjury in favor of Defendant.

On May 15, 2019, Defendant filed a memorandum of law in support of his motion for summary judgment. Therein, Defendant asserted that he was entitled to immunity, citing section 29-20-205(2), as well as a memorandum opinion issued by this Court. Under this statute and that decision, Defendant argued that he enjoyed "total personal immunity." Plaintiff filed a response in opposition to Defendant's memorandum, noting that the decision relied upon by Defendant both was not to be cited and distinguishable on factual grounds. Plaintiff also cited other law that he argued supported his position in this case.

A hearing was held on the motion for summary judgment on May 23, 2019. The issue of the lack of discovery was not raised by Plaintiff. During the hearing, Defendant argued for the first time that he was entitled to immunity unless Plaintiff could show that his conduct was "willful, malicious, criminal, or performed for personal financial gain,"

citing ***Autry v. Hooker***, 304 S.W.3d 356 (Tenn. Ct. App. 2009). Much of the argument concerned whether factual disputes existed. At the conclusion of the hearing, the trial court orally ruled that Plaintiff had not met his burden to show disputed material facts and that Defendant was entitled to immunity under the GTLA. As such, the trial court dismissed the entirety of Plaintiff's complaint. A written order incorporating the trial court's oral ruling was entered on June 7, 2019. Plaintiff filed a notice of appeal to this Court on June 24, 2019.

## II.    ISSUE PRESENTED

Plaintiff raises a single issue in this appeal: Whether the trial court erred in granting Defendant's motion for summary judgment.

## III.    STANDARD OF REVIEW

This case was decided on a motion for summary judgment. Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion; and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. Defendant, as the party that does not bear the burden of proof at trial, may therefore obtain summary judgment if it: (1) affirmatively negates an essential element of the nonmoving party's claim; or (2) demonstrates that the nonmoving party's evidence at the summary judgment stage is insufficient to establish an essential element of the nonmoving party's claim. ***Rye v. Women's Care Ctr. of Memphis, MPLLC***, 477 S.W.3d 235, 264 (Tenn. 2015), *cert. denied*, 136 S. Ct. 2452, 195 L. Ed. 2d 265 (Tenn. 2016).

On appeal, this Court reviews a trial court's grant of summary judgment *de novo* with no presumption of correctness. ***Rye***, 477 S.W.3d at 250 (citing ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997)). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. ***Luther v. Compton***, 5 S.W.3d 635, 639 (Tenn. 1999); ***Muhlheim v. Knox Cnty. Bd. of Educ.***, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See **White v. Lawrence***, 975 S.W.2d 525, 529 (Tenn. 1998); ***McCall v. Wilder***, 913 S.W.2d 150, 153 (Tenn. 1995). When a moving party has filed a properly supported motion for summary judgment, the nonmoving party must respond by pointing to specific evidence that shows summary judgment is inappropriate. ***Rye***, 477 S.W.3d at 264–65.

## IV.    DISCUSSION

This appeal concerns the trial court's decision to grant summary judgment in favor of Defendant as to all of Plaintiff's claims. Although not necessarily raised as an issue in

this case, we must first discuss the sufficiency of the trial court's order.[1] Under Tennessee Rule of Civil Procedure 56.04, trial courts ruling on motions for summary judgment are directed to "state the legal grounds upon which the court denies or grants the motion, which shall be included in the order reflecting the court's ruling." The Tennessee Supreme Court has held that this provision is mandatory and that the trial court should take care to ensure both that the decision "is adequately explained and is the product of the trial court's independent judgment." *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 314 (Tenn. 2014).

The trial court's judgment in this case consists of a written order and an attached transcript. The written order states that there were no material factual disputes and that "Defendant was entitled to summary judgment because he was entitled to the immunities set forth in [Tenn. Code Ann.] § 29-20-205(2)." The oral ruling by the trial court is as follows:

> Having considered the arguments of Counsel, the briefing, as well as the affidavits that have been submitted in support of this motion for summary judgment and in response thereto in opposition, the Court finds that the motion should be granted.
>
> The Court finds that [Defendant] is entitled to immunity, and that under the GTLA, immunity is not removed for slander or similar intentional torts: Slander, deceit, interference with contract rights. So the statute is fairly clear that immunity is not removed for these claims.
>
> Under *Rye*, the Court is charged with assessing whether the nonmoving party's evidence at this summary judgment stage is insufficient to establish the nonmoving party's claim or defense, and it is the nonmoving party's burden to demonstrate the existence of specific facts in the record that could lead a rational trier of fact to find in favor of that nonmoving party. And here the Court cannot find that such facts have been demonstrated. The affidavits provided in support of [Defendant's] motion establish that Mr. [] Nash called [Defendant] because he was aware that Deputy Harsh had made this stop and had had this interaction with Mr. Taylor. The proximity in time is also important, because it was right after this occurred. And I think that the Court does not see that the nonmoving

---

[1] Another issue argued in Plaintiff's brief but not necessarily designated as an issue on appeal is the trial court's decision to grant summary judgment purportedly without adequate time for discovery. As Defendant correctly points out, however, Plaintiff never sought a continuance to complete discovery or made an attempt to obtain discovery that was thwarted by the trial court or Defendant. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015) ("If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07."). Given our ultimate resolution of this appeal, we need not determine whether the trial court erred in not allowing adequate time for discovery.

party here has come forward with any facts that would lead a rational trier of fact to find in favor of [Plaintiff] here, or to even facts that -- from which the Court might infer that there has been some genuine issue of material fact demonstrated.

Thus, the trial court's order focuses primarily on the facts of this case, rather than the law. As to the law, the trial court ruled that Defendant was entitled to immunity under Tennessee Code Annotated section 29-20-205(2); from this ruling, we can only assume that the trial court credited Defendant's argument that he was entitled to immunity under the GTLA so long as he was acting in the scope of his employment.

Defendant's arguments to this effect were, however, misguided. An explication of the law surrounding this issue is therefore necessary. We begin with the general rule that governmental entities, like Defendant's employer the Putnam County Sheriff's Office, are entitled to governmental immunity in many situations. Tennessee Code Annotated section 29-20-201(a) provides that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary," except as provided by the GTLA. Tennessee Code Annotated section 29-20-205 provides "a general waiver of immunity from suit for personal injury claims . . . 'for injury proximately caused by a negligent act or omission of any employee within the scope of his employment,' unless the injury arises out of one of several enumerated exceptions to this section, such as the intentional tort exception." *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 79 (Tenn. 2001) (quoting Tenn. Code Ann. § 29-20-205(2)). "Specifically, this exception bars claims for injuries arising out of 'false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, **libel**, **slander**, deceit, **interference with contract rights**, infliction of mental anguish, invasion of right of privacy, or civil rights.'" *Id.* (quoting Tenn. Code Ann. § 29-20-205(2)) (emphasis added).

Here, there is apparently no dispute that Plaintiff's claims of slander, defamation, and interference with prospective contract rights arise out of enumerated intentional torts for which immunity of the governmental entity is not removed under section 29-20-205(2). Defendant appeared to suggest in the trial court that once this immunity of the governmental entity was established, so long as Defendant was acting in the scope of his employment, he enjoyed the same immunity. Respectfully, we cannot agree.

Section 29-20-205 provides immunity to governmental entities. The term governmental entity is expressly defined by the GTLA as generally "any political subdivision of the state of Tennessee[.]" Tenn. Code Ann. § 29-20-102(3)(A) (providing a detailed definition). This definition does not include employees of governmental entities. As such, the Tennessee Supreme Court has clearly held that "the immunity afforded governmental entities [under section 29-20-205] does not extend to the

employee." ***Hughes v. Metro. Gov't of Nashville & Davidson Cty.***, 340 S.W.3d 352, 359 (Tenn. 2011) (citing ***Fann v. City of Fairview***, 905 S.W.2d 167, 174 (Tenn. Ct. App. 1994)). Instead, the immunity of the employee is determined by considering two interrelated factors: (1) whether the employee is being sued in an individual or official capacity; and (2) whether the employee's governmental employer has immunity.

First, we must determine whether the employee is being sued in an official capacity or individually. "'Official-capacity' suits are in essence another way of pleading an action against the entity represented by the individual defendant." ***Autry v. Hooker***, 304 S.W.3d 356, 364 (Tenn. Ct. App. 2009) (citing ***Leach v. Shelby County Sheriff***, 891 F.2d 1241, 1245 (6th Cir. 1989)); *see also* ***Kentucky v. Graham***, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985) ("Official-capacity suits . . . "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (internal citations omitted). Thus, when "'[the] GTLA immunizes a governmental entity, it follows that an officer is also immune when sued in his official capacity.'" ***Siler v. Scott***, No. E2017-01112-COA-R3-CV, 2019 WL 2306932, at *11 (Tenn. Ct. App. May 30, 2019), *perm. app. denied* (Tenn. Oct. 11, 2019) (quoting ***Crowe v. Bradley Equip. Rentals & Sales, Inc.***, No. E2008-02744-COA-R3-CV, 2010 WL 1241550, at *4 (Tenn. Ct. App. Mar. 31, 2010)).

Defendant, however, was not sued in his official capacity, but in an individual or personal capacity. "'Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.'" ***Id.*** (quoting ***Kentucky***, 473 U.S. at 166). If the employee is being sued individually, his or her immunity is inversely related to the immunity of the governmental entity. In particular, section 29-20-310(b) controls where the governmental entity's immunity is removed: "No claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed by this chapter unless the claim is one for health care liability brought against a health care practitioner." Thus, under subsection (b), when governmental immunity is removed as to the entity, claims may not be brought against an individual employee outside the realm of healthcare liability. Section 29-20-310(c), however, controls when the governmental entity retains its immunity:

> No claim may be brought against an employee or judgment entered against an employee for injury proximately caused by an act or omission of the employee within the scope of the employee's employment for which the governmental entity is immune in any amount in excess of the amounts established for governmental entities in § 29-20-403, unless the act or omission was willful, malicious, criminal, or performed for personal financial gain, or unless the act or omission was one of health care liability

- 6 -

committed by a health care practitioner and the claim is brought against such health care practitioner.

Thus, when the governmental entity cannot be held liable due to immunity, a plaintiff may seek recovery from an individual employee under the circumstances outlined in subsection (c).

In considering Defendant's motion for summary judgment, the focus of Defendant's argument was that he was at all times acting in the scope of his employment and therefore should enjoy the immunity that Putnam County enjoys under section 29-20-205(2). If Defendant had been sued in his official capacity, his argument would prevail. Defendant, however, was not sued in his official capacity, but in his individual capacity. His immunity is therefore governed by section 29-20-310. And because there appears to be no dispute that the claims in this case involve the intentional torts enumerated under section 29-20-205(2), Putnam County is immune from suit as to these claims. The claims against Defendant are therefore governed by section 29-20-310(c). Under this subsection, the fact that Defendant was acting within the scope of his employment does not defeat the claim against him, as section 29-20-310(c) clearly contemplates an action against an employee "for injury proximately caused by an act or omission of the employee within the scope of the employee's employment[.]" *See also* **Hughes v. Metro. Gov't of Nashville & Davidson Cty.**, 340 S.W.3d 352, 372 (Tenn. 2011) (holding that, where a governmental entity retained immunity, a plaintiff was entitled to compensation from the defendant for injuries caused by the defendant who was acting within the scope of his employment).

Returning to the trial court's order, our review does not reveal whether the trial court applied the correct law in this case. The Tennessee Supreme Court has indicated that the purposes of detailed rulings is to "afford[] a reviewing court a clear understanding of the basis of a trial court's decision." **Lovlace v. Copley**, 418 S.W.3d 1, 34 (Tenn. 2013) (involving findings of fact and conclusions of law required in bench trials). A trial court's order should therefore "disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each [] issue." *Id.* at 35. Here, the trial court's order does not disclose the steps taken to reach its ultimate ruling of immunity other than a reference to section 29-20-205(2). As discussed in detail *supra*, however, immunity under section 29-20-205(2) does not automatically extend to the employee. Instead, several other inquiries must be considered. Moreover, in this particular case, where Defendant is being sued individually, the governmental entity's immunity under section 29-20-205 is inversely related to the immunity of the individual defendant. *See generally* Tenn. Code Ann. § 29-20-310. The trial court, however, does not appear to have considered section 29-20-310 to determine the scope of Defendant's liability. In the absence of any indication that the trial court considered and applied the relevant law on this issue, the trial court's judgment must be vacated.

The trial court's failure to cite section 29-20-310(c) is not altogether surprising, as this statutory provision was not raised in Defendant's motion for summary judgment or its accompanying memorandum. Rather, the only mention of this statute occurred at oral argument when Defendant's counsel cited this Court's opinion in *Autry v. Hooker*, 304 S.W.3d 356 (Tenn. Ct. App. 2009). Defendant did ostensibly cite to section 29-20-310(c) in his appellate brief. Despite Defendant's assertion otherwise, Defendant's recitation of section 29-20-310(c) is not a direct quotation from the statute, but rather appears to be a quotation of this Court's summarization of the statute in *Autry v. Hooker*, 304 S.W.3d 356, 363 (Tenn. Ct. App. 2009), *perm. app. denied* (Tenn. Nov. 23, 2009) ("An individual employee of a governmental entity is immune when the governmental entity for which he works is immune from suit, unless the employee's act or omission was willful, malicious, criminal, or performed for personal financial gain[.]").[2]  In a later case following *Autry*, we cited *Autry's* language to hold that section 29-20-310(c) was not a bar to individual liability of an employee at the motion to dismiss stage, where the complaint stated that the employee's actions were willful, malicious, and performed for personal financial gain. *Fitzgerald v. Hickman Cty. Gov't*, No. M2017-00565-COA-R3-CV, 2018 WL 1634111, at *7 (Tenn. Ct. App. Apr. 4, 2018).[3]

Recently, however, this Court expressed some disagreement with *Autry*, citing precedent from the Tennessee Supreme Court decided prior to the *Autry* decision. *See Siler v. Scott*, No. E2017-01112-COA-R3-CV, 2019 WL 2306932, at *9 (Tenn. Ct. App. May 30, 2019), *perm. app. denied* (Tenn. Oct. 11, 2019). Rather than requiring that the conduct of the employee be willful, malicious, criminal, or performed for personal financial gain to impose any liability, the *Siler* panel held that the purpose of section 29-20-310(c) was to "limit[] the employee's liability in cases in which the municipality was yet immune to the limits in Tenn. Code Ann. § 29-20-403□unless the employee's acts were willful, malicious, criminal, or performed for personal financial gain[.]'" *Id.* (quoting *Hill v. City of Germantown*, 31 S.W.3d 234, 238 (Tenn. 2000) (quoting and "find[ing] . . . to be correct" *Erwin v. Rose*, 980 S.W.2d 203, 206 (Tenn. Ct. App. 1998))). The *Siler* panel therefore held that "section 310(c) does not provide immunity for an employee alleged to be negligent; it only limits his or her potential liability to the

---

[2] Specifically, Defendant's brief attributes the following quotation to section 29-20-310(c):

"**An individual employee of a governmental entity is immune when the governmental entity for which he works is immune from suit**, unless the employee's act or omission was willful, malicious, criminal, or performed for personal financial gain, which is not this case." [Emphasis ours.]

Clearly, this language was taken from the *Autry* opinion.

[3] Because *Fitzgerald* was decided on a motion to dismiss and the plaintiff's complaint alleged that the individual defendant acted at all times willfully, maliciously, and for personal financial gain, there was no need to consider the correctness *Autry's* holding that such conduct was a precondition to individual liability under section 29-20-310(c).

monetary caps provided [by statute].” *Id.*

We need not decide the proper interpretation of section 29-20-310(c) in this particular case. As an initial matter, Defendant’s motion for summary judgment contains no argument or allegations of undisputed material facts regarding whether Defendant’s conduct was “willful, malicious, criminal, or performed for personal financial gain[.]” Thus, even assuming, arguendo, that section 29-20-310(c) should be interpreted to require that the employee’s conduct meet this standard, Defendant did not present any evidence that would have shifted the burden of production to Plaintiff on this issue. *See Auto Glass Co. of Memphis Inc. v. Gerregano*, No. W2018-01472-COA-R3-CV, 2019 WL 1343987, at *3 (Tenn. Ct. App. Mar. 25, 2019) (quoting *Finch v. O.B. Hofstetter/Anderson Trust*, No. M2016-00562-COA-R3-CV, 2017 WL 2179951, at *3 (Tenn. Ct. App. May 16, 2017)) (“If the moving party makes a properly supported motion for summary judgment, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact.”). Additionally, as previously discussed, it does not appear that the trial court considered section 29-20-310(c) in its ruling, an unsurprising result given the lack of attention it was accorded by the parties.

Finally, during oral argument, Defendant’s counsel arguably admitted that the alleged intentional torts were committed willfully by Defendant. Specifically, in discussing *Autry*, Defendant’s counsel stated the following:

> [*Autry*] says, an individual employee of a governmental entity is immune when the governmental entity for which he works is immune from suit, unless the employee’s act or omission was willful, malicious, criminal, or performed for personal financial gain. Well, there’s no financial gain in this lawsuit. Certainly, there’s no evidence of any maliciousness or criminal activity, and every intentional act is willful. Retaliatory discharge is an intentional act.[4] It’s a willful act. They’re all willful. So you intend to say what you say. Every slander case and every libel case, you intend to say what you said: You know, “that person is a thief,” or, “that person is a drunkard,” . . . or whatever you want to say. That’s an intentional act. And certainly, [Defendant’s] statements to Mr. Nash, he intentionally told him what he recalled about that thing, but they're immune under this statute.

Defendant’s counsel therefore admits, for purposes of its summary judgment motion, that

---

[4] Retaliation was one of the claims raised in *Autry*. Although the *Autry* court cited section 29-20-310(c), it primarily applied Tennessee Code Annotated section 29-20-201(b)(2), providing immunity to members of boards unless the conduct “amounts to willful, wanton, or gross negligence.” The *Autry* court did not separately address the claim of retaliation, but merely stated that it had “reviewed the trial court’s ruling and its reasoning, the record, and the evidence submitted, and [the plaintiff’s] legal arguments on these claims” and concluded that summary judgment was properly granted. *Autry*, 304 S.W.3d at 365.

Defendant's statements were intentional acts and that "every intentional act is willful[.]"[5] Consequently, under even the more burdensome interpretation of section 29-20-310(c) utilized by the *Autry* court, it appears that Plaintiff's allegations survive.

A final matter must be addressed. In the trial court and on appeal, the bulk of Defendant's argument relied upon this Court's opinion in *Poe v. Gist*, No. W2017-00465-COA-R3-CV, 2018 WL 2946153, at *1 (Tenn. Ct. App. June 11, 2018). According to Defendant, this opinion stands for the proposition that defendant employees are immune from individual claims against them so long as the employee was acting in the course and scope of his employment. Moreover, Defendant asserted that this holding was controlling over the Plaintiff's reliance on *Hughes v. Metro. Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352, 359 (Tenn. 2011), because *Poe* was decided several years after *Hughes*. Defendant's reliance on *Poe* is misplaced.

As an initial matter, *Poe* is expressly designated a Memorandum Opinion under Rule 10 of the Rules of the Court of Appeals of Tennessee. *Id.* at *1. Under this rule, a case designated as a "MEMORANDUM OPINION" is not published and "shall not be cited or relied on for any reason in any unrelated case." Tenn. R. Ct. App. 10. Plaintiff pointed out that *Poe* was not to be cited in its response to Defendant's motion for summary judgment. Nevertheless, Defendant persisted in citing this case to both the trial court and this Court. Indeed, after repeatedly referring to *Poe* at oral argument, Judge Richard Dinkins, the author of the *Poe* decision, admonished Defendant's counsel as to its citation of *Poe*. Defendant's counsel responded that he was aware of *Poe's* designation and that the case was not to be cited but continued to insist that the decision should be relied upon in this case.

Notwithstanding *Poe's* designation as a Memorandum Opinion, Defendant's counsel's understanding of precedent is also in error. Repeatedly in this case, Defendant's counsel has argued that *Poe* is controlling over the Tennessee Supreme Court's decision in *Hughes*, in part because *Poe* was decided after *Hughes*. Even setting aside the fact that *Poe* is not to be cited as precedent in any unrelated case, when a conflict arises, unreported cases from the Tennessee Court of Appeals simply are not controlling over cases decided by the Supreme Court. *See* Tenn. R. Sup. Ct. 4(G)(1) (governing citation to unpublished opinions, which are not controlling precedent in any unrelated case even when not designated not for citation). "The Court of Appeals has no authority to overrule or modify Supreme Court's opinions." *Bloodworth v. Stuart*, 221 Tenn. 567, 572, 428

---

[5] Defendant's counsel reversed course during oral argument, arguing that there were no allegations that Defendant's conduct was willful, malicious, criminal, or performed for personal financial gain. Of course, Defendant did not file a motion to dismiss Plaintiff's complaint, which would have considered the sufficiency of Plaintiff's pleadings, but a motion for summary judgment. As previously discussed, however, neither Defendant's motion or statement of undisputed facts asserted that Defendant's conduct was not willful, malicious, criminal, or performed for personal financial gain. Rather, the focus of the motion was only that Defendant acted in the scope of his employment.

S.W.2d 786, 789 (Tenn. 1968) (citing *City of Memphis v. Overton*, 54 Tenn. App., 419, 392 S.W.2d 86 (Tenn. 1964)); *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976). As such, "[o]nce the Tennessee Supreme Court has addressed an issue, its decision regarding that issue is binding on the lower courts." *Morris v. Grusin*, No. W2009-00033-COA-R3-CV, 2009 WL 4931324, at *4 (Tenn. Ct. App. Dec. 22, 2009) (quoting *Davis v. Davis*, No. M2003-02312-COA-R3-CV, 2004 WL 2296507, at *6 (Tenn. Ct. App. Oct. 12, 2004)); *see also Thompson v. State*, 958 S.W.2d 156, 173 (Tenn. Crim. App. 1997) ("[I]t is a controlling principle that inferior courts must abide the orders, decrees and precedents of higher courts. The slightest deviation from this rigid rule would disrupt and destroy the sanctity of the judicial process.") (quoting *State v. Irick*, 906 S.W.2d 440, 443 (Tenn. 1995)); *Levitan v. Banniza*, 34 Tenn. App. 176, 185, 236 S.W.2d 90, 95 (Tenn. Ct. App. 1950) ("This court is bound by the decisions of the Supreme Court."). Thus, to the extent that *Poe* should be read to conflict with *Hughes*, *Hughes* would control despite having been decided years earlier.[6]

In sum, the trial court's order does not provide an adequate basis for determining which arguments it credited in granting Defendant's motion for summary judgment. As such, we are unable to determine whether the trial court relied on the appropriate law in reaching its decision. The trial court's decision to grant summary judgment in favor of Defendant must therefore be vacated. *Cf. Smith*, 439 S.W.3d at 314 (directing courts to vacate judgments that do not comply with Rule 56.04).

## V. CONCLUSION

The judgment of the Putnam County Circuit Court is vacated, and this cause is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to appellee, Joseph Winston Harsh, for which execution may issue, if necessary.

---

[6] That is not to say, however, that we discern a conflict between *Hughes* and *Poe*. Rather, from our reading of *Poe*, its holding is inapposite to the issues in this case. In *Poe*, a plaintiff sued a governmental entity and its employees for slander and libel under the GTLA. *Poe*, 2018 WL 2946153, at *1. The Court of Appeals rejected all of the claims. *Id.* at *3. Contrary to Defendant's assertion, however, the individual claims against the employees were not decided on the basis of immunity. Instead, the Court held that "the claims asserted against the individual defendants are barred by the statutes of limitations of six months for slander actions, Tenn. Code Ann. § 28-3-103, and one year for libel actions, as found at section 28-3-104." *Id.* at *3. This was in contrast to the claims against the governmental entity and the employees sued in their official capacities, which claims were barred by both immunity and the expiration of the GTLA statute of limitations. *Id.* Thus, even if *Poe* was persuasive authority in this case, it does not stand for the proposition that an employee sued in his or her individual capacity enjoys the same immunity provided to the governmental entity so long as he or she is acting in the scope of his or her employment. Of course, even were the facts in *Poe* analogous to this case, its holding would still be of no use to Defendant, as *Poe* simply cannot be relied upon in this or any other unrelated case. *See* Tenn. R. Ct. App. 10.

_____

J. STEVEN STAFFORD, JUDGE